UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTONIO WILLIAMS,

    Plaintiff,

v.                                        Case No: 8:17-CV-1636-T-27MAP

KATINA S. WILLIAMS and
PROGRESSIVE AMERICAN
INSURANCE COMPANY,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiff's Amended Motion to Remand (Dkt. 10), and Defendant's response (Dkt. 12). Upon consideration, the Motion is GRANTED.

Plaintiff filed a three count Complaint in state court arising out of an automobile accident. Progressive purported to remove only Count III, Plaintiff's claim for insurance bad faith, based on diversity jurisdiction. As both parties acknowledge, Plaintiff's statutory bad faith claim against Progressive in Count Three has not yet accrued and is therefore premature. *See Safeco Ins. Co. of Ill. v. Fridman*, 117 So. 3d 16, 19 (Fla. 5th DCA 2013); *Gov't Emps. Ins. Co. v. King*, 68 So. 3d 267, 270 n.3 (Fla. 2d DCA 2011) (en banc).[1] Accordingly, to the extent Progressive might be permitted

---

[1] Courts have the discretion to abate or dismiss bad faith claims when concurrently pled with a coverage action. *See GEICO Gen. Ins. Co. v. Harvey*, 109 So. 3d 236, 239 (Fla. 4th DCA 2013). The trend in Florida's appellate courts is to dismiss the bad faith claim without prejudice, rather than abate it, and the weight of authority from Florida's District Courts of Appeal and Supreme Court supports dismissal. *See Fridman*, 117 So. 3d at 19; *King*, 68 So. 3d at 270 n.3. *See generally Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000) ("We continue to hold in accord with [*Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991)], that bringing a cause of action in court for [statutory bad faith] is premature until there is a determination of liability and extent of damages owed on the first-party insurance contract.").

1

to remove only the bad faith claim where the parties to the other claims are not diverse, which the Court need not decide, removal is also premature.

Accordingly, Plaintiff's Amended Motion to Remand (Dkt. 10) is **GRANTED**. This case is **REMANDED** to the Sixth Judicial Circuit in and for Pinellas County, Florida. The Clerk is directed to **CLOSE** the file. Plaintiff's request for attorney's fees and costs is denied.

**DONE AND ORDERED** this 16th day of August, 2017.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
Counsel of record
Clerk of Court for the Sixth Judicial Circuit in and for Pinellas County, Florida